# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 18, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| ANDREA MILLER, | * | No. 19-128V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | Stipulation for Award; Tetanus- |
| SECRETARY OF HEALTH | * | Diphtheria-Acellular-Pertussis ("Tdap") |
| AND HUMAN SERVICES, | * | Vaccine; Guillain-Barré Syndrome |
| | * | ("GBS") |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>John R. Howie, Jr.</u>, Howie Law, PC, Dallas, TX, for Petitioner.
<u>Ryan D. Pyles</u>, United States Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On January 24, 2019, Andrea Miller ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012); Pet. at 1, ECF No. 1. Petitioner alleged that the Tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine she received on January 24, 2016, caused her to suffer from Guillain-Barré syndrome ("GBS"). *Id.*; *see also* Stip. at 1, ECF No. 40. Petitioner further alleged that she experienced the residual effects of her injury for more than six months. Pet. at 2.

On February 15, 2022, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Stip. at 2. Respondent "denies that the Tdap immunization is the cause of [P]etitioner's alleged GBS and/or any other injury." *Id.* at 1. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

    a. **A lump sum payment of $6,972.03,[3] representing compensation for satisfaction of a State of Florida Medicaid lien, in the form of a check payable jointly to [P]etitioner and**

        **Equian**
        **P.O. Box 182643**
        **Columbus, OH 43218.**

    **Petitioner agrees to endorse this payment to Equian; and**

    b. **A lump sum of $50,000.00 in the form of a check payable to [P]etitioner. This amount represents all remaining compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) for injuries allegedly related to [P]etitioner's receipt of the Tdap vaccine.**

*Id.* at 2.

    I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

    **IT IS SO ORDERED.**

                                          s/Herbrina D. Sanders
                                          Herbrina D. Sanders
                                          Special Master

---

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Florida may have against any individual as a result of any Medicaid payments made by, or on behalf of, the State of Florida to, or on behalf of, Andrea Miller as a result of her alleged vaccine-related injury suffered as a result of her January 24, 2016 Tdap vaccination, under Title XIX of the Social Security Act, *see* 42 U.S.C. §§ 300aa-15(g), (h).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANDREA MILLER,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 19-128V<br>Special Master Herbrina Sanders<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

  1. Andrea Miller ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

  2. Petitioner received a Tdap vaccine on or about January 24, 2016.

  3. The vaccine was administered within the United States.

  4. Petitioner alleges that the Tdap vaccine caused her to develop Guillain-Barré syndrome ("GBS") and that she experienced residual effects of this injury for more than six months.

  5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

  6. Respondent denies that the Tdap immunization is the cause of petitioner's alleged GBS and/or any other injury.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum payment of **$6,972.03**,[1] representing compensation for satisfaction of a State of Florida Medicaid lien, in the form of a check payable jointly to petitioner and

> Equian
> P.O. Box 182643
> Columbus, OH 43218.

Petitioner agrees to endorse this payment to Equian; and

    b. A lump sum of **$50,000.00** in the form of a check payable to petitioner. This amount represents all remaining compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) for injuries allegedly related to petitioner's receipt of the Tdap vaccine.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Florida may have against any individual as a result of any Medicaid payments made by, or on behalf of, the State of Florida to, or on behalf of, Andrea Miller as a result of her alleged vaccine-related injury suffered as a result of her January 24, 2016 Tdap vaccination, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on or about January 24, 2016, as alleged by petitioner in a petition for vaccine compensation filed

on or about January 24, 2019, in the United States Court of Federal Claims as petition No. 19-128V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged GBS and/or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Andrea Miller-Boeuli* (signature)
ANDREA MILLER

**ATTORNEY OF RECORD FOR PETITIONER:**

(signature)
JOHN R. HOWIE, JR.
HOWIE LAW, P.C.
2608 Hibernia St.
(214) 622-6340
jhowie@howielaw.net

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

(signature)
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc, APRN, for*
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Ryan D Pyles
by Heather L Pearlman (signature)
RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847
ryan.pyles@usdoj.gov

Dated: 02/15/2022

5